of America, 18-2703PR. Again, we have 10 minutes per side. Let me just, before either council starts arguing, just tell you that the panel is well aware of the fact that on the question of whether attempted Hobbs Act robbery is a qualifying predicate offense, that that question is also pending in a number of other cases before the court. So we are aware of that fact. So with that, why don't we talk to, let's see, Attorney Smith, are you present? Yes, I am. Good morning, Your Honor. Good morning. So I understand we have 10 minutes set for you, with three minutes set aside for rebuttal. Is that right? Yes. So please proceed. Okay, thank you. May it please the court, my name is Robin Smith. I represent Mr. Hidalgo on appeal. I did not represent him at the district court level. This is an appeal from Mr. Hidalgo's 2255 petition contesting his conviction of discharge of a firearm and further into a crime of violence. For this crime, he's currently serving an additional 10 years beyond the substantive RICO crimes. In order for his conviction to stand, it must be established at the plea proceeding that he pleaded guilty to a crime of violence knowingly and intelligently. And there's a lot of litigation currently about which crimes are crimes of Barrett held that a conspiracy to commit Hobbs Act robbery is not a crime of violence. So for Mr. Hidalgo, who has a high school education, these issues needed to be perfectly established to him so he would understand what he was pleading guilty to, what his rights were, and the consequences, and in his case, 10 years imprisonment. So can I just pause you there? Just because the format we're in as with the previous argument, let me just see if Judge Katzmann has any particular questions that he would like you to address. I don't have any particular questions, Judge Nardini, especially in light of what you indicated earlier that a central issue is going to be decided by another panel, and we're in the queue. Very good. Thank you, Judge Katzmann. Judge Lynch, is there anything you would like to ask? No, I have no specific questions. Okay. And I have none either. So counsel, you're free and clear to proceed where I interrupted you. And of course, if at any point during your argument, if any of the other judges would like to jump in, they are welcome to do so. So thank you for your patience and please do proceed. Okay, thank you. The district court never reached the merits of Hidalgo's claims because it found that the appellate waiver precluding post-conviction motions to vacate his sentence applied. However, I don't think the government strongly contests the fact that this is Mr. Hidalgo challenging his conviction, not his sentence. So the government primarily addresses the merits of Mr. Hidalgo's claims in its brief. And basically, there's a heightened focus on the language at his plea proceeding because from our perspective, there wasn't a lot of discussion with Mr. Hidalgo based on, to determine his understanding of what he was What we're looking at is the language of the superseding indictment, the plea agreement, and the language that was used by the court at the plea proceeding. In the plea, in the, I'm sorry, the superseding indictment, as well as at the plea proceeding for count two, the question was whether appellant was guilty. And I'm going to leave out the date and the names of the people he was involved with of discharging a firearm during a conspiracy in attempt to forcibly steal property and extort assets from the victims. The government states that this is a misstatement of what actually happened at the plea proceeding. However, the record is clear. The government never contested that before. There's case law that states that the court must rely on the transcripts as certified as the court reporter was trained to do and wrote down what was said at the plea proceeding. And it makes sense because the court must have been reading from the superseding indictment, which uses the same language. And so while the government would like to distinguish that this is a conspiracy and attempt to forcibly steal property, the language is confusing for even lawyers and judges from our perspective, and especially Mr. Hidalgo, who I think I said didn't even graduate from high school. So our position is that the court should remand for the district court to explore this issue in the first instance, since the district court primarily relied on the appellate waiver in the plea agreement. And if there aren't any further questions, I'll reserve my time for rebuttal. Thank you very much, Attorney Smith. We appreciate that. Ms. Gregory, are you on the line? Yes, good morning. Good morning. So you have 10 minutes. So why don't we hear from the government? Good morning. May it please the court. Catherine Gregory, Assistant U.S. Attorney representing the United States. This court should deny Mr. Hidalgo's 2255 petition. As the court noted, there are several cases in the circuit pending, so I will skip over that part of the argument in our brief. I think we even mentioned a few of those cases in one of our footnotes coming out of our district, or at least two. But moving to what the predicate was in this case, we know that attempted hobject robbery and extortion were the predicates for three primary reasons. First is the indictment. On page 17 of the appendix, it clearly charged Mr. Hidalgo with perpetrating, quote, and attempting to perpetrate a robbery. So that is pretty clear on its own in the indictment. It does not say attempt. Additionally, the plea agreement, which on its own really would be dispositive here, as of the firearm was discharged, quote, during a conspiracy and attempt to forcibly steal property and extort assets, end quote. And that's on page 93 of the appendix. And it even goes further and specifies that the discharge occurred, quote, during a robbery attempt, end quote. This is only spot in the record where it says conspiracy and attempt. As far as I can tell, it doesn't appear anywhere before, anywhere after. Nobody interjected, nobody objected, nobody mentioned it. The only explanation is that this is a Scrivener's error. And as a fast talker myself, I know that if you say conspiracy and attempt quick enough, it certainly sounds like an ampersand. So the indictment and the plea agreement are both in writing and very clear as to what the colloquy, the government was clear saying that it would prove, quote, attempted robbery and murder, which would quote, account for the discharge of the firearm as a lesser included offense, end quote. That's on page 45 of the appendix. Senator Gregory, let me just pause you right there, if I may. And as I've done with the other counsel today, let me inquire whether Judge Katzmann has any questions he'd like to address to you. I have no questions. Okay. Thank you, Judge Lynch. I have just one, which is Ms. Gregory, is it, I just want to confirm that you are not relying on the appeal and collateral review waiver in the plea agreement. Is that right? That's right. We're not conceding, but I'm just... I'm not sure what it means. If you're not conceding it, you're abandoning that argument, is the point. I'm saying that we can go straight to the merits and decide it there as well. So if we're reviewing it de novo, it should still be denied. Okay. Thank you. Actually, I do have a question and it's a brief one, because I've seen, I think, both flavors of appeal waivers in various plea agreements, and I can't keep track of which district. Does your district generally not, in the appeal waivers, have waivers that go towards the conviction and only go towards a sentence, or is that just a case-by-case thing? Our office is divided into appellate and trial divisions, and unfortunately, I do not have that trial experience. I can tell you anecdotally that our district appears to use the same language for most of our appellate agreements. So the language that was used here is typically what we use as our waiver. Okay. And I take it that the argument you're talking about, about the Scrivener's error, is that conspiracy and attempt, it's sort of like saying rock and roll. It's in, it's like an apostrophe and, and it was just mistranscribed. But regardless of whether we would, I assume your argument is, as I understand it, is even if there is no Scrivener's error, the context of the other things, the other statements, for example, that the discharge occurred during a robbery attempt made it clear that even if he was pleading, allocuting in part to a conspiracy, he also allocated directly to participation in an attempt. Is that a fair characterization of your argument? Yes, that's correct. Okay. I have no further questions. Feel free to address whatever else you'd like with your remaining time and the other judges, of course, should feel free to jump in with any questions that they have. Sure. I would just sum up by reiterating that those three, those three documents, the indictment, the plea agreement, and then the transcript of the colloquy where the government is talking about what it would prove at trial, I think pretty clearly indicate that the predicate here was attempted hop-sack robbery and extortion. And that even if Davis, you know, got rid of the conspiracy of the crime of violence, there are still valid predicates. And then I would just rely on our brief as to the attempted hop-sack argument. So unless the panel has any other further questions, we'd ask that the petition be denied. Thank you, Ms. Gregory. Attorney Smith, I think you have three minutes in rebuttal. Yes, thank you. The government opened their argument by stating that we know what Mr. Hidalgo pleaded guilty to. And that's not the standard. The standard is that the court must find that the defendant understood what he was pleading guilty to. And because there is the inconsistency in the language, it has not been established that he understood that he was pleading guilty to conspiracy and attempt. There was very little colloquy with Mr. Hidalgo regarding the actual facts of the case. There was a lot read to him over the course of the two-day plea proceeding. However, there was not a lot of, there was not any question of him, what he did, how he was involved, or anything like that that would help the government's argument. Without that, our position is that the language is very important that was used to question him whether he pleaded guilty or not. And with the consequence that he's facing an additional 10 years on his sentence, there needs to be more guarantee that he actually understood and no reliance on a scrivener's error. And if there are no further questions, we'll rely on that brief. Thank you, Ms. Smith. Thank you, Ms. Gregory. Thank you, both of your very helpful oral arguments. We very much appreciate that. We're done with the oral argument calendar for today. We'll take this case under advisement. We're also reserving decision on United States v. Khamon Graham, 20-888CR, and J. Bradshaw v. City of New York, 20-308PR. I'll also note for the record that we are taking under advisement two substantive motions calendar for today, 20-3052 and 20-3099. And with that, I would ask the clerk to please adjourn court. Court is adjourned.